UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON EDWARDS,  )<br>   Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SANGAMON COUNTY DETENTION  )<br>FACILITY, et.al.,  )<br>   Defendants  ) | Case No. 22-3209 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This case has a somewhat confused history. Plaintiff began by filing his initial complaint in the United States District Court for the Southern District of Mississippi against Defendants Sangamon County Sheriff's Detention Facility, a County Court Judge, Public Defender William Vig, the Governor of Illinois, Former President Donald Trump, Mary Miller Ferro, Jack Cambell, Lynn Evans, Attorney General Megan McCarthy, Branty Summer, and Keefe Commissary Network. [1]. Plaintiff said he wanted to file a complaint against these individuals "for failure to (verify) the truth and follow the U.S. constitutional rights." (Comp., p. 2). Plaintiff was also asking for an investigation into potential felony offenses.

The lawsuit was ultimately transferred to the Central District of Illinois for proper venue. [7, 8, 9]. The Court sent Plaintiff a notice that his lawsuit was now in the Central District and the notice was returned as undeliverable. The Court twice warned Plaintiff he must provide his current address in writing, or his case would be dismissed.

*See* November 15, 2022 Text Order; January 4, 2023 Text Order.  Plaintiff ultimately responded by submitting an Amended Complaint which was filed as the pending Motion for Leave to Amend. [11].  The motion is granted pursuant to Federal Rule of Civil Procedure 15. [11].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff confirms he is back in the Sangamon County Jail.  Plaintiff then discusses his bond which is not relevant to his lawsuit in federal court.  Plaintiff then says he is suing the Defendants for "5 million trillion each" and he wants another county to investigate his charges of misconduct. (Amd. Comp., p. 2).

Plaintiff has failed to clearly state a violation of his constitutional rights.  Plaintiff must provide a factual basis for any intended claim.  For instance, what happened, when did it happen, and how was any Defendant involved?

The Court also notes Plaintiff's allegations appear to be very similar to those in one of Plaintiff's other nine lawsuits in the Central District of Illinois: *Edwards v. Sangamon County Jail,* Case No. 22-3154.  The Court has previously advised Plaintiff a Sangamon County Judge is immune from suit, and a public defender does not act under color of state law when performing the traditional functions of counsel.  *See Stump v.*

*Sparkm*an, 435 U.S. 349, 356-7 (1978)(judge immune from suit): *Polk County v. Dodson*, 454 U.S. 312, 317 n. 4 (1981)(public defender not state actor).

In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Instead, a defendant must be "personally responsible" for the deprivation of Plaintiff's rights to liable pursuant to §1983. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). Therefore, the Court noted it was unclear how Former President Trump would have any direct involvement in Plaintiff's claims.

Plaintiff has failed to clearly articulate a violation of his constitutional rights. The Court will allow Plaintiff a brief extension of time to file a second amended complaint clarifying his intended claims. As noted, this is particularly important since Plaintiff appears to be repeating claims from a previous, dismissed lawsuit.

Plaintiff's proposed second amended complaint must stand complete on its own and must not refer to any previous complaint. For each allegation, Plaintiff must provide a date or specific time frame, explain what happened, and how each Defendant was involved.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15 [11].

2) Plaintiff's amended complaint is dismissed for failure to clearly state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) The Court will allow Plaintiff one additional brief extension of time to file a second amended complaint in compliance with this order. Plaintiff must file his proposed second amended complaint within 14 days or on or before April 11, 2023. If Plaintiff fails to file his amended complaint by the deadline or fails to follow the Court's directions, his case will be dismissed with prejudice.

4) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 14 days.

Entered this 28th day of March, 2023.

                                            s/ James E. Shadid
                              _____
                                      JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE