UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON EDWARDS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|   vs. | ) | Case No. 22-3209 |
| | ) | |
| SANGAMON COUNTY DETENTION | ) | |
| FACILITY, et.al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint.[13].

Plaintiff initially filed this lawsuit in the Southern District of Mississippi. [1]. The case was transferred to the Central District of Illinois for proper venue, and Plaintiff then filed a motion for leave to amend his complaint. [11]. The motion was granted, but the amended complaint was ultimately dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A. *See* March 28, 2023 Merit Review Order.

The Court outlined the deficiencies in Plaintiff's filing and further noted the allegations appeared to be very similar to one of Plaintiff's other pending lawsuits: *Edwards v. Sangamon County Jail,* Case No. 22-3154.   Plaintiff was given directions and additional time to file a second amended complaint.

1

Plaintiff has now submitted his proposed complaint which has been filed as a motion for leave to file a second amended complaint. [13]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [13].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified six individuals in his list of Defendants including the Sangamon County Jail, an unknown Sangamon County Judge, Public Defender William Vig, the Governor of Illinois, and former President Donald Trump. Plaintiff lists additional individuals in the caption of his complaint including Mary Miller Ferro, Jack Cambell, Lynn Evans, Attorney General Megan McCarthy, and "Branty, Summer + Keefe." (Amd. Comp, p. 1)

Plaintiff says the time frame of his allegations is from January 3, 1991 to November 3, 2022. Plaintiff alleges the Sangamon County Jail has violated his civil rights "by not letting me have a fair trial," "beatings," and making him sleep on the floor. (Amd. Comp, p. 5) Plaintiff specifically complains about the delays in his case and his former public defender's representation prior to a conviction. Although difficult to decipher, it also appears Plaintiff is claiming police took his property which he needs to bond out of jail.

As for the alleged beatings, Plaintiff claims "the Governor of Illinois and the Former President Donald Trump was having people in the county jail beat up and killed in jail." (Comp., p. 5).

Finally, Plaintiff claims he worked for some of the other Defendants, but he was not paid, and he has somehow been prevented from filing charges against them.

There are several problems with Plaintiff's second amended complaint. First, Plaintiff cannot bring unrelated claims against different Defendants in one lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Plaintiff's claims involving his treatment in the jail, his court case, police officers, and former employers involve different individuals and unrelated claims.

Second, Plaintiff's lawsuit pursuant to 42 U.S.C.§1983 is subject to a two-year statute of limitations period. Therefore, Plaintiff cannot pursue claims involving incidents as far back as 1991.

Third, as the Court previously advised Plaintiff, he cannot pursue claims against many of the named Defendants. *See* March 28, 2023 Merit Review Order, p. 2-3. For instance, the Sangamon County Jail is not a proper Defendant because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. Appx 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). The Sangamon County Judge is entitled to absolute immunity for acts within his jurisdiction and performed in his judicial capacity. *Stump v. Sparkman*, 435

U.S. 349, 356-7 (1978); *Bertha v. Hain*, 787 Fed.Appx. 334, 338 (7th Cir. 2019).

"Further, the law is clear that a party may not sue his attorney for legal malpractice in a civil rights suit, and this principle holds true even if that attorney was court-appointed and employed by the state." *Reed v. Wall*, 2020 WL 2129962, at *1 (S.D.Ill. May 5, 2020), *citing Swift v. Swift,* 556 F. App'x 509, 510 (7th Cir. 2014) ("public defenders acting as counsel do not act 'under color of state law' and cannot be sued under § 1983"), *quoting Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981). In addition, "[a] civil action is not the way to challenge the validity of a criminal conviction." *Jones v. City of Lincoln*, 2015 WL 4735203, at *1 (C.D.Ill. Aug. 10, 2015); *Helman v. Duhaime,* 742 F.3d 760, 762 (7th Cir.2014).

Fourth, the Court previously admonished Plaintiff that the mere fact a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).   Instead, a defendant must be "personally responsible" for the deprivation of Plaintiff's rights to liable pursuant to §1983. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016).  The Court specifically noted it was "unclear how Former President Trump would have any direct involvement in Plaintiff's claims." March 28, 2023 Merit Review Order, p. 3.

Fifth, the Court finds Plaintiff's current allegation that the Former President somehow joined forces with the Governor of Illinois to beat and kill unspecified inmates during unspecified times at the Sangamon County Jail is factually frivolous. *See*

*Edwards v. Snyder,* 478 F. 3d 827, 829 (7th Cir. 2007) ("[a] claim is factually frivolous if its allegations are bizarre, irrational or incredible"); *Denton v. Hernandez,* 405 U.S. 32-33 (1992). In addition, Plaintiff does not allege he was ever beaten on a specific date involving any specific individual.

Six, Plaintiff has ignored the Court's instructions directing him to provide a clear factual basis for any intended claim. "For instance, what happened, when did it happen, and how was any Defendant involved?" March 28, 2023 Merit Review Order, p. 2. Plaintiff has failed to provide time frames for any allegations despite the Court's warning that failure to follow the Court's direction would result in the dismissal of his lawsuit with prejudice. *See* March 28, 2023 Merit Review Order, p. 4.

Plaintiff has failed to articulate a violation of his constitutional rights against any named Defendant, has combined unrelated claims against different Defendants, and has failed to follow the Court's directions. Plaintiff's second amended complaint is consequently denied.

Plaintiff has now had three opportunities to articulate his claims. [1, 11, 13]. The Court does not believe allowing Plaintiff additional opportunities would result in a different outcome.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File a Second Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [13].

2) The Plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed

3) This dismissal may count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 27th day of April, 2023.


s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE